## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JWR HOLDINGS, LLC, LANDMARK PROPERTIES, INC. | CIVIL ACTION NO. 3:25-cv-04227-MGL |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| RETREAT AT COLUMBIA HOMEOWNER ASSOCIATION | |
| Defendant. | |

## COMPLAINT

Plaintiffs, JWR Holdings LLC, ("JWR") and Landmark Properties, Inc. ("Landmark Properties") (collectively "Landmark" or "Plaintiffs"), through their attorneys Ice Miller LLP, file their Complaint against Defendant Retreat at Columbia Homeowner Association ("RCHA"), and in support respectfully allege as follows:

## INTRODUCTION

1.      Plaintiffs' claims arise under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*., specifically under 15 U.S.C. § 1114(1). This Court has subject matter jurisdiction over the claims in this action which relate to trademark infringement, false designations of origin, and false descriptions pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

2.      Plaintiffs bring this complaint under the Lanham Act and South Carolina common law and statutes to stop Defendant, Plaintiffs' former licensee, from continuing to use Plaintiffs' registered trademarks after formal termination of the license agreement. Defendant's refusal to cease

1

use of Plaintiffs' THE RETREAT® word and design marks constitutes ongoing trademark infringement.

## THE PARTIES

3.      Plaintiff JWR Holdings, LLC is a limited liability company, organized and existing under the laws of Georgia, having its principal place of business located at 315 Oconee Street, Athens, GA, 30601.

4.      Plaintiff Landmark Properties, Inc. is a Delaware company, with a principal place of business at 315 Oconee Street, Athens, GA, 30601. Landmark Properties have been licensed to do business in the state of South Carolina.

5.      Defendant Retreat at Columbia Homeowner Association ("RCHA") is a South Carolina corporation, located at 1929 Bluff Road Columbia, SC 29201. Defendant RCHA has continued to use Plaintiffs' THE RETREAT® word and design marks without authorization on signage and advertising a property composed of craftsman-cottage style condominiums located at 1929 Bluff Road Columbia, SC 29201, and called "The Retreat at Columbia," after termination of the non-exclusive license by Plaintiffs. *See* **Exhibit A** (https://www.retreatcolumbia.com/ last visited May 19, 2025). This unauthorized use of Plaintiffs' THE RETREAT® word and design marks (the "Accused Services") directly infringes on Plaintiffs' registered trademarks.

## JURISDICTION AND VENUE

6.      These claims arise under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*., particularly under 15 U.S.C. § 1114(1). This Court has subject matter jurisdiction over the claims in this action, which relate to trademark infringement, false designations of origin and false descriptions pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

7.    This Court has supplemental jurisdiction over the claims in this Complaint, which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8.    Personal jurisdiction over the Defendant in this Court is proper on the basis that the Defendant is domiciled in and has an address in this judicial district. Defendant markets and sells the Accused Services as set forth in this Complaint under Plaintiffs' THE RETREAT® word and design marks directly to consumers, including consumers in South Carolina, through its physical locations in South Carolina and by advertising the property and offering of services under Plaintiffs' THE RETREAT® word and design marks without authorization in South Carolina. Based on such conduct, Defendant expected or should reasonably have expected its acts to have consequences in the state of South Carolina.

9.    Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because the Defendant resides in this Judicial District, and §1391(b)(2) because a substantial portion of the events and omissions giving rise to the claims occurred in this district and because Defendant is subject to personal jurisdiction in this District.

10.    Defendant's continued and unauthorized use of THE RETREAT® mark, constitutes infringement of Plaintiffs' longstanding rights in the federally registered word and design marks, THE RETREAT®, which are in use by Plaintiffs on properties located throughout the United States.

**FACTUAL ALLEGATIONS**

**A. Plaintiffs and Their Business**

11.     Since 2004, Plaintiffs and their affiliates have been engaged in leverage planning and partnerships in conjunction with development of multi-unit residential properties throughout the United States under various branded properties, including the marks, THE RETREAT®, and THE STANDARD®, among others. Plaintiff JWR is the owner of the trademarks for these branded properties, which are licensed throughout the U.S. to one or more Landmark entities under common ownership and control of Plaintiff Landmark Properties.

12.     One of Plaintiffs' crowned jewel line of properties is its cottage-style resort like multi-unit properties branded under the mark, THE RETREAT®. Plaintiffs themselves and through their affiliates and authorized licensees have used the mark THE RETREAT® since 2004 to identify these high-end, cottage-style, multi-unit rental properties located throughout the United States. THE RETREAT® properties are currently located in seventeen (17) states and comprise to date twenty-five (25) residential complexes, with 6,515 units. Attached hereto as **Exhibit B** are pages from Plaintiffs' website promoting and describing its properties that are offered under THE RETREAT® trademarks.[1]

13.     The mark THE RETREAT®, as a word mark, and the associated design and logo marks (in black and white, and color) are registered in the United States Patent and Trademark Office under Registrations Nos. 3,920,516 (the "'516 Registration"), 3,920,517 (the "'517 Registration"), and 3,920,518 (the "'518 Registration") (collectively "THE RETREAT® Marks"), all of which were registered on February 15, 2011. Copies of these registrations are attached as **Exhibit C**, **Exhibit D**, and **Exhibit E**, respectively. Each of these registrations is valid and incontestable.

---

1 *Available at* https://www.landmarkproperties.com/brand/the-retreat/ (last visited May 13, 2025).

14.     By virtue of the widespread adoption and use of the word and design marks THE RETREAT® Marks carry tremendous goodwill, which inures to the benefit of Plaintiffs. Landmark carefully protects its marks and guards against unauthorized uses that would dilute its brand THE RETREAT® and damage the goodwill and recognition of THE RETREAT® Marks.

**B.  The History of Plaintiffs' Development of THE RETREAT®**

15.     In the early 2000s, Plaintiffs' principals had a concept for luxury housing rentals, designed like craftsman cottage-style housing with resort like amenities, to be marketed to university students. These properties were to be named "THE RETREAT." One of the first locations for this development was in Columbia, South Carolina, located near the University of South Carolina. With this concept in hand, Plaintiffs developed their first property under the mark THE RETREAT®:  a property composed of craftsman-cottage style condominiums to be located at 1929 Bluff Road Columbia, SC 29201, and called "The Retreat at Columbia" ("the Property").

16.     To secure national trademark rights for THE RETREAT® trademark, prior to establishment of the property, Plaintiff JWR filed an intent to use application to register the mark as RETREAT STUDENT COTTAGES on March 19, 2007, in expectation of its bona fide creation of the property established under that name. This application eventually issued as Reg. No. 3,581,070 (the "'070 Registration"), for the word mark, "RETREAT STUDENT COTTAGES." **Exhibit F**. The specimen of use submitted to the Trademark Office was a specimen of The Retreat at Columbia (i.e., The Property). *See id.* at 8, 43–82.

17.     In 2007, Landmark's principals also established a local, affiliated company, Retreat Partners, LLC, to develop the property that would operate, pursuant to a nonexclusive license from the Plaintiffs under the name, The Retreat at Columbia.

18.     Plaintiff Landmark became the property management company for The Property, to control the quality of the services provided under the mark THE RETREAT®.

19.     A year after establishment of Retreat Partners, LLC, on or about July 11, 2008, James B. Whitely—an officer of Plaintiff Landmark Properties, Plaintiff JWR Holdings, and Retreat Holdings—established a Homeowners Association to be associated with the Property, and to have a nonexclusive license to the mark THE RETREAT®.

20.    On September 6, 2008, Plaintiff JWR Holdings filed the Statement of Use in the application that eventually issued as '070 Registration. **Ex. F** at 43–82. The Statement of Use—sworn to under oath by Plaintiffs' principal James Whitley—identified the applicant as Plaintiff JWR Holdings, LLC, and stated that "is using or is using through a related company or licensee the mark in commerce on or in connection with the goods and/or services [for] Real estate management services; leasing and management of student housing; management of single unit student housing." *Id.* at 46, 64. It further stated that "[t]he mark was first used by the applicant, or the applicant's related company, licensee, or predecessor in interest at least as early as 09/06/2008, and first used in commerce at least as early as 09/06/2008." *Id.* As support for this statement, Plaintiff JWR Holdings,

submitted a brochure for the Property located at 1929 Bluff Road Columbia, SC 29201—the very same Property currently infringing Plaintiffs' word and design marks. *Id.* at 48–63. The brochure prominently identifies Plaintiff Landmark Properties:

*Id.* at 55.

21.    At inception, as established under Plaintiffs' mark THE RETREAT®, the Property was advertised and marketed as "The Very Best in Student Living" offering such features as: a "Huge, Resort Style Pool; Beach Volleyball Court, Putting Green & Grilling Pavilion; Clubhouse with Computer Lab, Social Room, Tanning Bed & Fitness Center; Private Yards, Porches & Patios;



Expansive Green Spaces; Safe & Secure—Gated Onsite Management & Cottages Wired for Security Systems." *See id.* at 49.

22.    The Property was marketed as "Its proximity to I-77 and the University of South Carolina campus makes The Retreat the perfect home base for an active on-the-go student lifestyle. And with Williams-Brice Stadium within walking distance, everyone will want to get together at your place for game day festivities!" *Id.* at 54.

23.    Examples of the marketing materials for the Property were included in the all of the Statements of Use with each of Plaintiffs' trademark applications. *See, e.g.,* **Ex. C** at 37–85; **Ex. D** at 35–95, 142–149; **Ex. E** at 38–98, 124, 145–152**;** *see also* **Ex. F** at 48–81.

**C.  Plaintiffs' Nationwide Expansion of THE RETREAT®**

24.    Subsequent to the establishment of their first property under THE RETREAT® mark (The Property), Plaintiffs continued their national expansion of THE RETREAT® brand. On June 5, 2009, Plaintiff JWR Holdings, Inc. filed an application to register the mark THE RETREAT® in block letters and in stylized forms, which issued to registration, *See* **Exs. C**, **D**, and **E**. The word "Cottages" was no longer used to identify The Retreat properties, which by then, had expanded to multiple properties nationwide as the brand became a success. Applications were filed for THE RETREAT® (block letters) (**Ex. D**) and stylized marks in black-and-white and color:

| '016 Design Mark (Ex. C) | '018 Design Mark (Ex. E) |
|:---:|:---:|
|  | |

25.     By 2010, Plaintiffs had established—in addition to the South Carolina property—properties in Athens, Georgia, Tuscaloosa, Alabama, and Knoxville, Tennessee. Currently, THE RETREAT® properties are located in: Pennsylvania, Virginia, Kentucky, Illinois, Tennessee, North Carolina, Georgia, Florida, Alabama, Mississippi, Arkansas, Texas, Arizona, Oregon, and Washington State.

26.     At inception, as established under Plaintiffs' mark THE RETREAT®, the Retreat properties were advertised and marketed by Plaintiff Landmark Properties.

27.     Examples of advertising created and distributed by Plaintiff Landmark Properties for other properties around the nation are shown below:



**Ex. C** at 135–136.



**Ex. D** at 122–123; **Ex. E** at 125–126; *see also* **Ex. D** at 136–141; **Ex. E** at 139–144.

28.     Since the date of first use, all of Plaintiffs' properties advertised under THE RETREAT® brand offer luxury amenities. Apartment floor plans span from one to six bedrooms. Each bedroom is individually rented and keyed for the utmost privacy. The majority of townhomes come fully furnished with appliances, furniture, and access to high-speed internet. Common rooms,

which include full-scale kitchens and bright and airy living rooms, are ideal spaces for gatherings with friends. In addition, THE RETREAT® offers roommate-matching services to foster amicable living arrangements for students. THE RETREAT® properties are located near a major college campus and are marketed as rentals to local college students. The Property is no exception. Since inception, the Property has been advertised under THE RETREAT® name as one of the portfolios of properties owned by Plaintiff Landmark Properties. Examples of these references have appeared in the press, and social media.

29.     Since the foregoing date, Plaintiffs have advertised and marketed THE RETREAT® branded properties on Landmark Properties' website.



**Ex. B**.

30.     Each of the properties branded with Plaintiffs' mark THE RETREAT® has a separate page on the Landmark Properties' website, with a link to the property. Each property is managed by

Landmark Properties' affiliates. The property located in South Carolina is no exception, and has been listed on Landmark Properties' website as follows:



*Id.*

31.     Since 2007, Plaintiffs have consistently and exclusively used the word and design marks THE RETREAT® to identify its multi-unit properties located near major universities in rural settings, all of which are furnished, cottage-style townhomes with spacious floor plans and amenities, such as game rooms and pool areas.

32.     Since the foregoing date, consumers, residents, and the general media have referred to Plaintiffs' ownership of the properties identified under THE RETREAT® Marks. A representative article referring to Plaintiff Landmark Properties' ownership of THE RETREAT® properties is attached as **Exhibit G**. (Dec. 21, 2007, Tuscaloosa News Article, *available at* https://www.tuscaloosanews.com/story/news/2007/12/22/single-family-housing-would-target-students/27736063007/, last visited May 19, 2025).

33.     Plaintiffs have been able to maintain the quality of each property branded under THE RETREAT Marks because of Landmark Properties' ability to manage each property through its well-established property management arm.

**D. Defendant's Infringing Activities**

34.     In 2024, Landmark Properties earmarked the Property as one that would be removed from the portfolio of properties bearing THE RETREAT® brand, and on or about June 18, 2024, Landmark Properties, by its notice letter of that date, formally advised the RCHA of the termination of the license to use THE RETREAT® trademark, providing RCHA with a 9-month holdover period, for RHCA to transition to a new mark for the Property, which was no longer under Landmark management. **Exhibit H** ("Notice to Terminate Name Letter"). By the date of that letter, the license would terminate on March 18, 2025. *Id.*

35.     Less than a week later, RCHA representative John Zourzoukis advised Plaintiffs via email that Defendant RCHA had "no plans to cease using the name The Retreat Columbia," had "every intention to continue to use the name The Retreat Columbia for the property." **Exhibit I** (Email Chain).

36.     On that same day—June 18, 2024—Defendant actively used Plaintiffs' THE RETREAT Marks to advertise the property through its new management company, The Preiss Company, without Plaintiffs' permission:



37.     Despite multiple attempts to convince Defendant to cease its unauthorized use of the THE RETREAT® marks to identify its Property, Defendant refuses and has continued to use the marks in all manners to identify its Property. In fact, in direct opposition to Plaintiffs' request, Defendant has continued to advertise and promote what is now an unauthorized and competing residential properties under Plaintiffs' mark THE RETREAT®, including use of all of Plaintiffs' registered trademarks:

**Images from Defendant's Website Showing Unauthorized Use of Plaintiffs' Marks Ex. A**



**Images from Defendant's Website Showing Unauthorized Use of Plaintiffs' Marks**
**Ex. A**





| Images from Defendant's Website Showing Unauthorized Use of Plaintiffs' Marks Ex. A |
| --- |



38.     Many of the photographs currently used by Defendant on its advertising website were taken by or at the direction of Plaintiffs, and Plaintiffs own or are exclusively licensed to use these photographs. Defendant's use of these photographs is unauthorized and unlicensed. Moreover, Defendant's website uses numerous photographs of people who, on information and belief, have not given Defendant authorization to use their likeness.

39.     This continued use of Plaintiffs' marks is unauthorized and is likely to be and is intended to mislead, deceive, and/or confuse consumers as to the origin of Defendant's services and of trading on Plaintiffs' reputation and goodwill in the properties that are branded with Plaintiffs' THE RETREAT® trademarks. *See, e.g.*, **Ex. A** ([https://www.retreatcolumbia.com/](https://www.retreatcolumbia.com/) last visited May 19, 2025).

40.     As a former licensee, Defendant's actions are done with direct knowledge of Plaintiffs and Plaintiffs' well-established rights in the word and design marks THE RETREAT® for residential properties. Defendant's actions constitute willful infringement of Plaintiffs' prior and superior rights.

41.     Despite actual knowledge of Plaintiffs' trademark usage and registrations, and Defendant's knowledge of Plaintiffs' objections to any use of Plaintiffs' trademark THE RETREAT®, Defendant has continued to use the mark THE RETREAT® after the termination of the license for use of the marks.

42.     The use of Plaintiffs' marks is likely to be and is intended to mislead, deceive, and/or confuse consumers as to the origin of Defendant's services and of trading on Plaintiffs' reputation and goodwill in the properties that are branded with Plaintiffs' THE RETREAT® Trademarks.

43.     As a direct and proximate result of Defendant's trademark infringement, Plaintiffs have suffered and will continue to suffer loss of income, profits, and goodwill, and Defendant has and will continue to unfairly acquire income, profits, and goodwill as a result thereof.

44.     Defendant's acts of infringement will cause further irreparable injury to Plaintiffs if Defendant is not restrained by this Court from further violation of Plaintiffs' rights.

## FIRST CAUSE OF ACTION

### Trademark Infringement
### Lanham Act § 32, 15 U.S.C. § 1114

45.     Plaintiffs repeat and reallege the allegations set forth in the paragraphs above, as though fully set forth herein.

46.     The acts of Defendant described above constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

47.     Plaintiffs own valid and protectable registered rights in THE RETREAT® Marks.

48.     Plaintiffs have not authorized Defendant to use THE RETREAT® Marks, and Defendant's use of THE RETREAT® Marks in connection with the Accused Services has resulted and will result in Defendant unfairly and unlawfully benefitting from Plaintiffs' goodwill.

49.      Defendant's knowing and unauthorized use and promotion of THE RETREAT®
Marks in connection with the Accused Services is likely to cause confusion, mistake, or deception on
the part of consumers as to the source, nature, and quality of the products or services Defendant is
offering, constituting trademark infringement in violation of 15 U.S.C. § 1114.

50.      As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs have
been, are now, and will continue to be irreparably injured and damaged by Defendant's
aforementioned acts, and unless Defendant is enjoined by the Court, Plaintiffs will suffer further
harm to their name, reputation, and goodwill. This harm constitutes an injury for which Plaintiffs
have no adequate remedy at law.

51.      On information and belief, Defendant has acted willfully to usurp Plaintiffs' rights.

## SECOND CAUSE OF ACTION

### False Designations of Origin
### Lanham Act § 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A)

52.      Plaintiffs repeat and reallege the allegations set forth in the paragraphs above, as
though fully set forth herein.

53.      This cause of action arises under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §
1125(a).

54.      Plaintiffs own and enjoy valid, enforceable, and fully subsisting registered and
common law trademark rights in THE RETREAT® Marks throughout the United States.

55.      Defendant's use of THE RETREAT® Marks to promote, market, or sell the Accused
Services in interstate commerce in direct competition with Plaintiffs' services constitutes unfair
competition pursuant to 15 U.S.C. § 1125(a).

56.     Defendant's use of the designation "The Retreat" in connection with the Accused Services in commerce is likely to cause confusion, or to cause mistake, or to deceive consumers as to an affiliation, connection, or association between Plaintiffs and Defendant, or as to the origin, sponsorship, or approval of Defendant's goods or services by Plaintiffs.

57.     Defendant will, on information and belief, continue to infringe upon Plaintiffs' rights under Section 43(a) of the Lanham Act unless enjoined by this Court.

58.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs have been, is now, and will continue to be irreparably injured and damaged by Defendant's aforementioned acts, and unless Defendant is enjoined by the Court, Plaintiffs will continue to suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Plaintiffs have no adequate remedy at law.

### THIRD CAUSE OF ACTION

**Common Law Trademark Infringement**

59.     Plaintiffs repeat and reallege the allegations set forth in the paragraphs above, as though fully set forth herein.

60.     Plaintiffs own and enjoy valid, enforceable, and fully subsisting common law trademark rights in THE RETREAT® Marks in South Carolina and throughout the United States.

61.     Defendant's unauthorized use of THE RETREAT® Marks in connection with the Accused Services infringes upon Plaintiffs' common law rights in THE RETREAT® Marks.

62.     Additionally, the labor and expenditures of Plaintiffs have been misappropriated by Defendant, which is likely to cause confusion among the purchasing public as to the origin of Defendant's services.

63. By its use of THE RETREAT® Marks, Defendant has abrogated to themselves Plaintiffs' goodwill in THE RETREAT® Marks and have misappropriated Plaintiffs' rights in said marks.

64. Defendant will, on information and belief, continue to infringe upon Plaintiffs' common law rights unless enjoined by this Court.

65. Defendant's conduct has damaged Plaintiffs and will, unless enjoined by the Court, further impair the value of Plaintiffs' trade name, reputation, and goodwill. This harm constitutes an irreparable injury for which Plaintiffs have no adequate remedy at law.

## FOURTH CAUSE OF ACTION

**Deceptive and Unfair Trade Practices in Violation of the
South Carolina Unfair Trade Practices Act (SC Code Section 39-5-20 *et seq*.)**

66. Plaintiffs repeat and reallege the allegations set forth in the paragraphs above as though fully set forth herein.

67. The above-described acts of Defendant constitute unfair methods of competition, and unconscionable, deceptive, or unfair acts or practices in violation of the laws of the State of South Carolina, SC Code Section 39-5-20 *et seq*.

68. Defendant has violated the South Carolina Unfair Trade Practices Act by using false or misleading descriptions of fact and false or misleading representations of fact in its commercial advertising or promotion that misrepresent the nature, characteristics, and qualities of Defendant's business practices and products, as set forth above.

69. The above-described acts of Defendant, if not enjoined by this Court, are likely to deceive members of the general public.

70.    The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs.

71.    On information and belief, Defendant's unfair and deceptive acts were employed willfully such that Plaintiffs are entitled to attorneys' fees and costs and three times the actual damages sustained by Plaintiffs pursuant to Section 39-5-140.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment

72.    Plaintiffs repeat and reallege the allegations set forth in the paragraphs above as though fully set forth herein.

73.    Defendant has been and continue to be unjustly enriched at Plaintiffs' expense by Defendant's acts complained of herein.

74.    Defendant has wrongfully used Plaintiffs' trademarks and, in doing so, have gained and are gaining a wrongful benefit through the use of Plaintiffs' goodwill and reputation.

75.    Defendant's retention of this benefit by undue and unfair advantage violates the fundamental principles of justice, equity, and good conscience.

76.    Defendant's acts complained of herein constitute unjust enrichment at Plaintiffs' expense in violation of South Carolina common law.

77.    Plaintiffs have been damaged by Defendant's acts of unjust enrichment.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand trial by jury on all issues so triable, and respectfully pray that this Court enter judgment against the Defendant as follows:

1.    That the Court enters a judgment against Defendant that Defendant has:

    a.    Engaged in infringement of federally registered trademarks in violation of § 1114;

      b.     in false and misleading advertising and promotion, in violation of 15 U.S.C. § 1125(a);

      c.     Engage in common-law trademark infringement under South Carolina law;

      d.     Engaged in unfair and deceptive trade practices under the South Carolina Unfair Trade Practices Act.

      e.     That each of the above acts was willful.

2.    Preliminarily and permanently enjoining Defendant, its agents, servants, employees, officers, associates, attorneys, licensees, and all persons in privity, or active concert or participation with any of them, from:

      a.     Using THE RETREAT® Marks or any mark confusingly similar thereto, in connection with the distribution, advertising and/or offering of the Accused Services;

      b.     Representing by any means whatsoever, that Defendant and its services are associated in any way with Plaintiffs or THE RETREAT® Marks;

      c.     Engaging in any other acts calculated or likely to cause confusion or mistake in the mind of the public or to lead others to believe that Defendant's Accused Services come from or are the services of Plaintiffs, or are somehow sponsored by or associated with Plaintiffs; and

      d.     Otherwise unfairly competing with Plaintiffs or misappropriating Plaintiffs' intellectual property rights.

3.    Requiring Defendant to file with the Court and serve on Plaintiffs within thirty (30) days of entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction, pursuant to 15 U.S.C. § 1116(a);

4.    Holding Defendant liable, pursuant to 15 U.S.C. § 1117, for all damages suffered by Plaintiffs resulting from the acts alleged herein;

5.    Compelling Defendant, pursuant to 15 U.S.C. § 1117, to account to Plaintiffs for any and all profits derived by it from its unlawful acts complained of herein;

6.    Order Defendant, pursuant to 15 U.S.C. § 1118, to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody, or under the control of Defendant bearing THE RETREAT® Marks for use in connection with the Accused Services;

7.    Ordering Defendant to either cancel or transfer ownership to Plaintiffs of the commercial website located at https://www.retreatcolumbia.com;

8.    Ordering Defendant to disgorge its profits;

9.    Declaring this to be an exceptional case and awarding Plaintiffs their full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, and Tex. Bus. & Comm. Code § 16.102; and

10.   That the Court award Plaintiffs such other and further relief as it deems proper.


                                        TURNER PADGET GRAHAM & LANEY, P.A.

                                        /s/ Mark B. Goddard
Columbia, SC.                           Mark B. Goddard, Esq.- **Local Counsel**
May 19, 2025                            SC. Fed. ID. No.: 73965
                                        Robert A. Mullins, Esq.
                                        SC. Fed. ID. No.:  14349
                                        1901 Main Street, Suite 900
                                        Columbia, SC. 29201
                                        (803) 227-4334
                                        MGoddard@TurnerPadget.com
                                        RMullins@TurnerPadget.com


                                        ICE MILLER LLP

                                        /s/ Jacqueline Lesser
                                        Jacqueline Lesser (*pro hac vice* to be filed)
                                        1735 Market Street Suite 3900
                                        Philadelphia, PA 19103
                                        215.815.4089
                                        Jacqueline.Lesser@icemiller.com

                                        /s/ Thomas A. Rammer
                                        Thomas A. Rammer (*pro hac vice* to be filed)
                                        200 W. Madison, Suite 3500
                                        Chicago, IL 60606
                                        312.705.6016
                                        Tom.Rammer@icemiller.com

                                        *Attorneys for Plaintiffs JWR Holdings LLC, and*
                                        *Landmark Properties, Inc.*